# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

                Plaintiff,

v.

DON DEVIET FRYE, SR.,

                Defendant.

Case No. 3:24-cr-00117-TMB-MMS

ORDER ON GOVERNMENT'S
MOTION IN LIMINE
[Dkt. 26]

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff United States of America's (the "Government") Motion *in Limine* (the "Motion").[1] Defendant Don Deviet Frye, Sr. opposes the Motion.[2] For the following reasons, the Government's Motion at Docket 26 is **DENIED.**

## II.    BACKGROUND

### A.  *The Vehicle Stop*

On August 12, 2024, an anonymous person called Anchorage Police Department (APD) and reported a gold Chevrolet Impala idling near her apartment.[3] Officers were dispatched to the location where they observed a vehicle matching that description idling in the location described by the caller.[4] An officer watched as the vehicle began to drive away, and the officer followed the vehicle.[5] While the vehicle was driving, the Government states it was "swerving in its lane of

---

[1] Dkt. 26 (Government's Motion *in Limine)*.
[2] Dkt. 32 (Defendant's Response in Opposition).
[3] Dkt 42 (Order on Motion to Suppress) at 1.
[4] *Id.* at 2.
[5] *Id.*

travel."[6] The officers stopped the vehicle and contacted the driver, Frye.[7] After running an ID check on Frye, the officers discovered he had a warrant out for his arrest.[8] At that point, an officer ordered Frye out of the vehicle and conducted a search incident to arrest.[9] The officer found a handgun in his jacket pocket.[10] The officer stated that Frye then informed him that the jacket belonged to Frye's nephew.[11] The officers also found a baggie of what the Government alleges to be controlled substances inside the vehicle.[12]

### B. *Procedural History*

On October 21, 2024, Frye was indicted on one count of being a felon in possession of firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) and one criminal forfeiture allegation.[13] Trial begins March 18, 2025.[14]

The parties previously litigated the admissibility of the evidence obtained during the vehicle stop.[15] The Court held that the evidence of the firearm obtained in the search incident to arrest is admissible.[16] The Court did not rule on the admissibility of the controlled substance found in the vehicle after the stop.[17]

In its motion *in limine*, the Government argues that the Court should (1) exclude Frye's statements regarding ownership of the jacket made during the search incident to arrest; (2) permit

---

[6] Dkt. 26 at 3.
[7] Dkt. 42 at 2.
[8] *Id.* at 3.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] Dkt. 26 at 8; Dkt. 32 at 3.
[13] Dkt. 2 (Indictment).
[14] Dkt. 38 (Trial Scheduling Order).
[15] Dkt. 41 (Minute Entry for Proceedings on March 3, 2025).
[16] Dkt. 42 (Order Denying Motion to Suppress) at 8.
[17] *See generally id.*

2

argument and evidence that Frye was on probation when he possessed the firearm; and (3) permit argument and evidence regarding the officer's reason for the vehicle stop.[18] Frye responds in opposition to the Government's motion.[19] He argues that (1) statements about ownership of the jacket are admissible if used to rebut an allegation of recent fabrication; (2) background evidence regarding the vehicle stop should be excluded as prejudicial and probative of nothing, and the controlled substance found in the car should be excluded as irrelevant; and (3) evidence of Frye's probationary status, as well as use of the word "felon" to label Frye, should be excluded as prejudicial.[20] The Government has since withdrawn its request for a ruling on (1) Frye's out-of-court statement regarding ownership of the jacket and (2) evidence regarding Frye's status as a probationer.[21] Therefore, the only issue remaining before the Court is whether the Government may present argument and evidence on its investigation leading to the vehicle stop.

### III.    LEGAL STANDARD

#### A.  Motions in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[22] and may be used to request evidence be either excluded or admitted before trial.[23] Motions *in limine* are appropriate when the "mere mention of evidence during trial

---

[18] Dkt. 26 at 1, 4, 6, and 8.
[19] Dkt. 32.
[20] *Id.* at 2, 5–6.
[21] Dkt. 44 (Government's Trial Brief) at 6.
[22] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21, 2011); *Rsch. Corp. Techs., Inc. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).
[23] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

3

would be highly prejudicial."[24] "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[25]

Motions in limine "should not be used to resolve factual issues or weigh evidence."[26] A court's rulings on motions in limine are provisional and may be reconsidered during the course of trial.[27] A denial of a motion in limine merely means that the court is unable to determine whether the evidence should be excluded outside of the context of trial.[28] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[29]

## B. Relevance

The relevance and admissibility of evidence at trial is governed in part by Federal Rules of Evidence 401, 402, and 403. Under Rule 402, evidence that is irrelevant or excluded by the evidentiary rules, a federal statute, or the Constitution is not admissible.

Evidence is relevant if it has "any tendency to make a material fact more or less probable" and if it is "of consequence in determining the action."[30] Under Rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice,

---

[24] *Barnard*, 2011 WL 221710, at *1 (quoting *Black's Law Dictionary* 1109 (9th ed. 2009)); *Rsch. Corp. Techs.*, 2009 WL 2971755, at *1 (similar).

[25] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

[26] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010) (citations omitted); *Rsch. Corp. Techs.*, 2009 WL 2971755, at *1 (citations omitted).

[27] *Barnard*, 2011 WL 221710, at *2 (citing, *inter alia*, *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000)); *Rsch. Corp. Techs.*, 2009 WL 2971755, at *2 (same).

[28] *Barnard*, 2011 WL 221710, at *2; *BNSF*, 2010 WL 4534406, at *1; *Rsch. Corp. Techs.*, 2009 WL 2971755, at *2.

[29] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Rsch. Corp. Techs.*, 2009 WL 2971755, at *1 (citations omitted).

[30] Fed. R. Evid. 401.

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

### C. Prior Acts

Rule 404(b) prohibits the use of evidence of a person's prior acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[31] "The rule is designed to avoid a danger that the jury will punish the defendant for offenses other than those charged."[32] However, because such evidence may be highly relevant, Rule 404(b)(2) provides that evidence of a person's prior crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[33] Evidence of prior criminal conduct may be admitted to show knowledge or intent if it satisfies a four-part test: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged."[34] If the evidence meets this test, "the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403."[35]

### IV.    ANALYSIS

The Government requests that it be permitted to introduce argument and evidence concerning the investigation that "led to the charges against the defendant, including the

---

[31] Fed. R. Evid. 404(b)(1); *see also United States v. Charley*, 1 F.4th 637, 645 (9th Cir. 2021).
[32] *Charley*, 1 F.4th at 647.
[33] Fed. R. Evid. 404(b)(2).
[34] *United States v. Luna*, 21 F.3d 874, 878 (9th Cir. 1994), *as amended* (May 4, 1994).
[35] *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000) (quoting *United States v. Nelson,* 137 F.3d 1094, 1107 (9th Cir.)).

5

anonymous tip, vehicle stop, and subsequent discovery of controlled substances in the defendant's vehicle."[36] The Government argues that this information "provides necessary context for the jury to understand how law enforcement officers came to discover the firearm in the defendant's possession."[37] It asserts that this information is not unduly prejudicial, and even if it is, a limiting instruction can be provided to mitigate any potential prejudice.[38] Frye opposes the Government's argument and characterizes the evidence as "clearly prejudicial."[39]

The Ninth Circuit has recognized two categories of "other act" evidence that are inextricably intertwined with the charged offense and need not meet the requirements of 404(b).[40] First, it has "sometimes allowed evidence to be admitted because it constitutes a part of the transaction that serves as the basis for the criminal charge."[41] Second, it has allowed "other act" evidence "when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."[42] However, "[c]oincidence in time is insufficient" to exempt evidence from the "strictures of Rule 404(b)."[43]

The Court determines that the Government may not present argument and evidence as to the anonymous call, the vehicle stop, or the alleged controlled substances found in the vehicle. The crime Frye is charged with committing is the unlawful possession of a firearm.[44] APD's investigation leading up to the vehicle stop is not inextricably intertwined with the charged offense.

---

[36] Dkt. 26 at 8.
[37] *Id.* at 9–10.
[38] *Id.* at 10.
[39] Dkt. 32 at 3.
[40] *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995).
[41] *Id.* (noting, for example, "contemporaneous sales of cocaine and crack" when defendant was only charged with sale of cocaine).
[42] *Id.* at 1012–13.
[43] *Id.* at 1013.
[44] Dkt. 2.

The stop is not "part of the transaction that serves as the basis for the criminal charge" nor is the stop necessary to tell a "coherent and comprehensible story regarding the commission of the crime" with which Frye is charged.[45] The Court reminds the parties that the issue of reasonable suspicion for the vehicle stop has already been litigated before this Court and is not a matter within the purview of the jury.[46]

Applying the 404(b) admissibility factors, the Court determines that the anonymous call, the vehicle stop, and the controlled substances found in the vehicle do not tend to prove a material point nor support a finding that Frye unlawfully possessed a firearm. Even if the evidence was admissible as "other act" evidence under 404(b), the Court finds any probative value is substantially outweighed by the danger of unfair prejudice under Rule 403. Evidence suggesting drug use is highly prejudicial.[47] To the extent the Government is concerned that excluding this information would "make the government appear heavy handed and unjust" before the jury, this concern may be mitigated with an instruction informing the jury that the reason for the vehicle stop has already been litigated before the Court.

---

[45] *See Vizcarra-Martinez*, 66 F.3d at 1012–13.
[46] *See generally* Dkt. 42.
[47] *See Vizcarra-Martinez*, 66 F.3d at 1017; *United States v. Carpenter*, 923 F.3d 1172, 1182 (9th Cir. 2019) (determining uncharged drug use was not "inextricably intertwined" because it was "in no way relevant to the commission of the crimes" and it should have been excluded because its "low probative value" was substantially outweighed by its prejudice).

## V.    CONCLUSION

For the foregoing reasons, the Government's Motion *in Limine* at Docket 26 is **DENIED.**

It is further ordered:

- The parties shall submit a proposed limiting instruction informing the jury that the reason for the vehicle stop has already been litigated before this Court and the jury shall not consider the reason for the stop in its assessment of the evidence.

- To the extent that Frye requests the parties be prohibited from "label[ing] him a felon,"[48] that request is **DENIED as moot** in light of the parties' agreed preliminary statement.[49] If Frye believes the issue is not moot, he may file a renewed motion with the Court.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 14th day of March, 2025.

/s/  *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[48] Dkt. 32 at 6.
[49] Dkt. 56 (Joint Proposed Preliminary Statement).

8